IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIUS SIMS,

      Plaintiff,                          No. CIV S-09-2582 GGH P

    vs.

ANNE WOHLERS, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff, housed at Salinas Valley State Prison, names various Mule Creek State Prison employees as defendants: Anne Wohlers, teacher; Associate Wardens Silvia Garcia and M. Bunnell; Captain W. Knipp; Lieutenant E. Palubicki; Psych Tech. S. Andrews; Administrative Segregation (Ad Seg) Property Officer Montanez. Complaint, pp. 1-2. Plaintiff states that "[a]ll defendants contributed to confiscation of petitioner's [sic] legal material." Id., at 3. "Defendant Wohlers threatened to take petitioner's personal property." Id. Plaintiff alleges that after he "wrote a 602 on A. Wohlers for changing [his] T.A.B.E. test answers," defendants Wohlers and Andrews "wrote a false statement," to have plaintiff placed in Ad Seg. Id.

As to defendants Knipp and Palubicki, plaintiff claims that they were aware of the situation between himself and defendant Wohlers and that plaintiff told them that he did not have access to his legal file to be able to correspond with the (unnamed) court. Id. Defendants Garcia and Bunnell spoke to plaintiff in the hospital and told him that he "was not at fault and could go to any other prison." Id. Defendant Garcia also told plaintiff that "this is what happens to inmates who write up staff members, property is taken and transfer[r]ed to another prison." Id. It is unclear what plaintiff is referring to when he says this defendant told him "this is what happens"; that is, it is not clear if he means that his being in the hospital has something to do with his complaint or if he is simply claiming not to have access to his property. Plaintiff wrote a 602 grievance regarding defendant Montanez for refusing to send out his legal mail to Kings County Superior Court because the letter was regarding to prison staff. Id.

Plaintiff claims that "all defendants had a problem" with the 602 appeals plaintiff filed for staff misconduct and all of his "legal material, envelopes, stamps, pens, Bible, phone

book, ect [sic] was [sic] confiscated by Mule Creek Prison Staff." Id. Plaintiff attaches a number of exhibits, including copies of inmate grievances, but no where sets forth the relief he seeks.

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Plaintiff's failure altogether to set forth the relief he seeks renders the complaint defective in and of itself.

In addition, as to his allegations, plaintiff is insufficiently specific. A threat to take away plaintiff's personal property that is not carried out does not state a constitutional deprivation. Nor does whether or not, without more, plaintiff's answers were changed on any particular test. On the other hand, inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983

4

is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in retaliation for complaint about food actionable).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

This is not to say that a vexatious grievance filer can never be punished. Vexatious litigants may be the subject of court discipline, and the undersigned would find it incongruous that while the courts can punish vexatious filings, prison officials may not. Indeed, the right to petition for grievances is not absolutely protected; such a right has no greater protection than speech in general. Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997). In the prison context, one's free speech rights are more constricted from what they would be on the outside. O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987). Again, plaintiff must show that the actions or omissions constituting the "retaliation" served no legitimate penological goal. Plaintiff's claims against defendants Wohlers and Andrews will be dismissed but plaintiff will be granted leave to amend to provide greater clarity as to what constituted the "false statement" written by these defendants for which plaintiff was placed in Ad Seg.

To the extent that plaintiff seeks to frame a claim against defendants Knipp and Palubicki for their simply be aware of an inadequately described situation between himself and

another defendant and for his having told them that he did not have access to his legal file to correspond on some unknown matter to an unidentified court, plaintiff has failed to state a claim. In order to frame a claim of denial of access to the courts, plaintiff must meet the requisite "actual injury" necessary to support such a claim under the First Amendment. Lewis v. Casey, 518 U.S. 343, 351-53, 355, 116 S. Ct. 2174 (1996) (prisoner must allege actual injury). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Accordingly, plaintiff must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts, but he has failed to do so in this instance. Plaintiff's claims against defendants Knipp and Palubicki will be dismissed but plaintiff will be granted leave to amend.

Plaintiff's claims against defendants Bunnell and Garcia are confusing to the extent that he alleges that they told him he was not at fault and could transfer to any prison of his choosing. Nor is it clear what he means to convey when he says that defendant Garcia spoke to him in the hospital. To the extent, however, that plaintiff seeks to allege that Garcia's statements were a ratification or admission of unconstitutional retaliation taken by other staff for the filing of inmate grievances for staff misconduct, plaintiff is free to amend to make that clear. Defendants Bunnell and Garcia will be dismissed, but plaintiff has leave to amend his claims against them.

As to defendant Montanez, plaintiff simply alleges he wrote a grievance against him for his alleged failure to send out legal mail regarding prison staff to Kings County Superior Court. Again, plaintiff must clarify more precisely what his claim against this defendant is. It does not appear to be a claim of retaliation because plaintiff states that he wrote the grievance after defendant Montanez's failure to send the mail, unless plaintiff is claiming that it was retaliation for the mail referencing prison staff. If it is a claim of denial of access to the courts, plaintiff's must make clear that he suffered an "actual injury" as set forth above by defendant

1 Montanez's actions or lack thereof.  Plaintiff's claims against defendant Montanez will be
2 dismissed but plaintiff will be granted leave to amend.

3       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
4 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
5 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
6 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
7 there is some affirmative link or connection between a defendant's actions and the claimed
8 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
9 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
10 vague and conclusory allegations of official participation in civil rights violations are not
11 sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

12       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
13 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
14 amended complaint be complete in itself without reference to any prior pleading.  This is
15 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
16 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.

20       In accordance with the above, IT IS HEREBY ORDERED that:
21       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
22       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 The fee shall be collected and paid in accordance with this court's order to the Director of the
24 California Department of Corrections and Rehabilitation filed concurrently herewith.
25 \\\\\
26 \\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 9, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
sims2582.bnf