IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIUS SIMS,

        Plaintiff,                  No. CIV S-09-2582 GGH P

    vs.

ANN WHOLERS, et al.,

        Defendants.        ORDER

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the undersigned. See Docket #'s 8 & 23.

        By an Order, filed November 1, 2010, plaintiff was directed to provide additional information to serve defendants Silvia Garcia, M. Bunnell and S. Andrews, for whom process had been returned unserved. See Order, filed on 11/01/10 (docket # 24).

        On December 13, 2010, plaintiff submitted copies of his complaint but failed to supply new addresses for defendants on the USM-285 forms.[1] Although unsuccessfully to date, plaintiff indicated he had made an effort to obtain the correct addresses. See Letter, filed on

---

[1] Waivers have been returned for the other named defendants, and a motion to dismiss as to those defendants who have been served was filed on December 16, 2010.

1

12/13/10 (docket # 29), pp. 1, 5.

In an effort not to delay this matter further, the court directed defendants' counsel to query the Department of Corrections and Rehabilitation to ascertain the business addresses of defendants Garcia, Bunnell and Andrews. See Order, filed on 12/21/10 (docket # 31). Defendants' counsel has responded by way of declaration setting forth her efforts, ultimately unfruitful, to obtain the addresses. See Declaration of Marta Barlow, filed on 1/10/11 (docket # 32). The court finds, based on the declaration, that counsel has conducted a good faith inquiry but cannot ascertain the business addresses of defendants Garcia, Bunnell and Andrews.

In relevant part, Fed. R. Civ. 4(m) states:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The amended complaint in this action was filed on April 2, 2009; deemed timely by an Order, filed on April 14, 2010; and an Order, directing service of the amended complaint issued on August 9, 2010.[2]  See Docket #'s 13, 14 & 15. More than 165 days have passed since service was directed upon defendants Garcia, Bunnell and Andrews; therefore, they will be dismissed without prejudice under Fed. R. Civ. P. 4(m), if plaintiff is unable to show good cause within fourteen days, why further efforts to serve them at this point would not be futile. Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved after 120 days, shall be dismissed by the district court without prejudice).

Accordingly, IT IS HEREBY ORDERED that:

1. By a response, dated 1/10/11, defendants' counsel has discharged the Order,

---

[2] The original complaint in this action was filed on September 2, 2009, and transferred into this court from the Northern District on September 16, 2009. The complaint was dismissed by order, filed on February 10, 2010. See Docket #'s 1, 5 & 6.

filed on December 21, 2010;

      2. Plaintiff must, within fourteen days, show good cause why unserved defendants Garcia, Bunnell and Andrews should not be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m); upon the expiration of that time, absent any such showing, these defendants will be dismissed.

DATED: January 26, 2011

                                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
sims2582.ord