1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  DARIUS SIMS,
11           Plaintiff,              No. CIV S-09-2582 GGH P
12      vs.
13  ANN WHOLERS, et al.,
14           Defendants.             ORDER
15  _____/
16          Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to
17  42 U.S.C. § 1983.  The parties have consented to the jurisdiction of the undersigned.  See Docket
18  #'s 8 & 23.
19          By an Order, filed on January 27, 2011 (docket # 34), plaintiff was directed to
20  show good cause why unserved defendants Garcia, Bunnell and Andrews should not be
21  dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m).  Prior to that
22  order, plaintiff had been directed to provide additional information to serve defendants Silvia
23  Garcia, M. Bunnell and S. Andrews, for whom process had been returned unserved.  See Order,
24  filed on 11/01/10 (docket # 24).  When, on December 13, 2010, plaintiff submitted copies of his
25  complaint, he failed to supply new addresses for the unserved defendants on the USM-285 forms,
26  although he indicated he had tried to obtain the correct addresses.  See Letter, filed on 12/13/10

(docket # 29), pp. 1, 5. The court then directed defendants' counsel to query the Department of Corrections and Rehabilitation to ascertain the business addresses of defendants Garcia, Bunnell and Andrews.[1] See Order, filed on 12/21/10 (docket # 31). However, counsel, despite what appears to have been a good faith effort, could not obtain the addresses. See Declaration of Marta Barlow, filed on 1/10/11 (docket # 32).

In response to the show cause order, filed on Jan. 27, 2011, regarding why defendants Garcia, Bunnell and Andrews should not be dismissed at this point, plaintiff reports on having heard from an unnamed source that these defendants have been transferred to other unidentified prisons. Request, filed by plaintiff on 2/7/11 (docket # 36). In his response, he also asks the court to appoint a private investigator to locate the unserved defendants. However, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. The request for a court-appointed private investigator will be denied.

As previously set forth, in relevant part, Fed. R. Civ. 4(m) states:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The amended complaint, filed on April 2, 2009, was deemed timely by an Order, filed on April 14, 2010; and an Order, directing service of the amended complaint issued on August 9, 2010.[2] See Docket #'s 13, 14 & 15. Nearly 200 days have passed since service was directed upon

---

[1] Waivers have been returned for the other named defendants, and a motion to dismiss as to those defendants who have been served was filed on December 16, 2010.

[2] The original complaint in this action was filed on September 2, 2009, and transferred into this court from the Northern District on September 16, 2009. The complaint was dismissed by order, filed on February 10, 2010. See Docket #'s 1, 5 & 6.

1  defendants Garcia, Bunnell and Andrews.  Plaintiff has not shown good cause why the

2  expenditure of further time and limited judicial resources are warranted in this instance.   As

3  plaintiff has failed to show good cause why these defendants should not be dismissed and how

4  continued efforts to serve them would not prove futile, the court will now dismiss defendants

5  Garcia, Bunnell and Andrews without prejudice under Fed. R. Civ. P. 4(m).  <u>Johnson v. Meltzer</u>,

6  134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved

7  after 120 days, shall be dismissed by the district court without prejudice).

8  　　　　　Accordingly, IT IS HEREBY ORDERED that:

9  　　　　　1. Plaintiff's request for further assistance in locating the unserved defendants in

10 the form of a court-appointed private investigator, filed on Feb. 7, 2011 (docket # 36), is denied;

11 and

12 　　　　　2. The unserved defendants Garcia, Bunnell and Andrews are dismissed without

13 prejudice from this action, pursuant to Fed. R. Civ. P. 4(m).

14 DATED: February 16, 2011

　　　　　　　　　　　　　　　　　　　　　　 /s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:009
sims2582.ord2