IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIUS SIMS,

       Plaintiff,                No. CIV S-09-2582 GGH P

      vs.

ANN WHOLERS, et al.,          ORDER

       Defendants.

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the undersigned. See docket #8 and #23. Pending before the court is the defendants' motion to dismiss as barred by the statute of limitations, filed on December 16, 2010, to which plaintiff filed an opposition on January 12, 2011. Defendants elected not to file a reply.

Amended Complaint

        This action is complicated by plaintiff's lack of focus and coherence both in the amended complaint and in his opposition (see below). Defendants Anne Wohlers; Assistant Wardens Silvia Garcia and M. Bunnell; Captain W. Knipp; Lieutenant E. Palubicki; Psychologist

1

1   S. Andrews; Ad Seg[1] Property Officer Correctional Officer (C/O) Montanez were employed at

2   Mule Creek State Prison (MCSP) during the relevant period.  Amended Complaint (AC), pp. 2, 9.

3   Plaintiff's allegations against defendant Montanez appears to be that this officer refused to mail

4   plaintiff's legal mail to Kings County Superior Court, did not permit him access to his legal

5   material while he was in Ad Seg at MCSP even after he heard the judge in a court call tell plaintiff

6   he needed to send certain documents, and was the officer who packed his property for transfer to

7   Salinas Valley State Prison (SVSP) after which he discovered his legal property missing.  Id., at 3.

8   Plaintiff claims that Montanez's refusal to respond to his repeated requests for access to his legal

9   material was in retaliation for a grievance plaintiff wrote complaining of defendant Montanez's

10  failure to send out plaintiff's legal mail concerning a case plaintiff had against alleged misconduct

11  by prison staff at another facility, Corcoran State Prison.  Id., at 3-4.  Thus, the essence of this

12  claim is a hybrid retaliation/denial of the right of access to the court.  The court construes the

13  gravamen of plaintiff's allegations against defendant Wholers to be that in retaliation for

14  plaintiff's having written several 602 inmate grievances against her, Wholers threatened to have

15  plaintiff's personal property confiscated, and falsely attributed (along with defendant Andrews) a

16  statement to plaintiff wherein he purportedly threatened to kill defendant Wholers, resulting in a

17  false disciplinary report, which was later dismissed.  Id., at 11-12.  Plaintiff's allegation against

18  defendant Palubicki, who dismissed the charge due to a lack of supporting evidence, is that he

19  nevertheless wrote a false report to cover-up the misdeeds of defendants Wholers and Andrews.

20  Id., at 12.  Plaintiff claims defendant Knipp's failure to see to it that he was allowed access to his

21  legal material resulted in plaintiff's case being dismissed.  Id., at 4.  Plaintiff alleges that

22  defendants Garcia and Bunnell had plaintiff transferred to Salinas Valley State Prison (SVSP)

23  because of the 602 appeals plaintiff submitted against defendant Wholers.  Id., at 5, 13.  The last

24  court call to Kings County Superior Court occurred on August 16, 2006.  Amended Complaint

25

26          [1] Administrative Segregation.

1   (AC), p. 3.  Plaintiff seeks compensatory money damages as to all defendants, and also seeks

2   punitive damages as to defendants Wholers, Andrews and Montanez.  Id., at 4, 9.

3   Motion to Dismiss

4           Defendants move for dismissal of the amended complaint pursuant to Fed. R. Civ.

5   12(b)(6), on the ground that each of his claims is barred by the statute of limitations.  See Motion

6   to Dismiss (MTD).

7                   Legal Standard for Motion to Dismiss.

8           Motions to dismiss pursuant to Fed.R.Civ.P 12(b)(6) based on the expiration of the

9   pertinent statute of limitations are appropriate.  See Von Saher v. Norton Simon Museum of Art at

10  Pasadena, 592 F.3d 954, 969 (9th Cir.2010) ("A claim may be dismissed under Rule 12(b)(6) on

11  the ground that it is barred by the applicable statute of limitations only when 'the running of the

12  statute is apparent on the face of the complaint.' ") (quoting Huynh v. Chase Manhattan Bank, 465

13  F.3d 992, 997 (9th Cir.2006)).  However, as discussed below, "face of the complaint" includes

14  matters of which judicial notice may be taken, and exhibits attached to the complaint.

15          In considering a motion to dismiss, the court must accept as true the allegations of

16  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

17  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

18  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89

19  S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that

20  general allegations embrace those specific facts that are necessary to support the claim.'" National

21  Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting

22  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro

23  se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

24  404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

25          The court may consider facts established by exhibits attached to the complaint.

26  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider

1    facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385,

2    1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers

3    filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).

4    The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western</u>

5    <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

6           A pro se litigant is entitled to notice of the deficiencies in the complaint and an

7    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See</u>

8    <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

9    <u>Discussion</u>

10                  <u>*Statute of Limitations*</u>

11           "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of

12   limitations for personal injury actions." <u>Morales v. City of Los Angeles Wilson v. Garcia</u>, 214

13   F.3d 1151, 1154 (9th Cir. 2000), citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 275, 105 S.Ct. 1938 []

14   (1985); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117, 120 S.Ct.

15   1979, [] (2000).  In California, there is a two-year statute of limitations in § 1983 cases.  See Cal.

16   Civ. Proc. Code § 335.1;  <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004); <u>Jones v.</u>

17   <u>Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004)("[f]or actions under 42 U.S.C. § 1983, courts apply the

18   forum state's statute of limitations for personal injury actions.").

19           "Federal courts also apply a forum state's law regarding tolling, including equitable

20   tolling when not inconsistent with federal law. <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 537-39, 109

21   S.Ct. 1998, 104 L.Ed.2d 582 (1989); <u>Bacon v. City of Los Angeles</u>, 843 F.2d 372, 374 (9th

22   Cir.1988)." <u>Fink v. Shedler</u>, 192 F.3d at 914; <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir.

23   2004)(accord).   Pursuant to Cal. Civ. Proc. Code § 352.1(a), a prisoner serving a term of less than

24   life is entitled to the two-year tolling provision before the commencement of the statute of

25   limitations for bringing a civil rights action.  <u>Fink v. Shedler</u>, 192 F.3d 911 at 914.   Defendants

26   contend plaintiff is not entitled to the two years of tolling as plaintiff is serving a life sentence

1 │ without possibility of parole.  MTD, pp. 5-6.

2 │                    _Request for Judicial Notice_

3 │          Defendants request that, in support of their motion to dismiss, the court take

4 │ judicial notice of several court documents, including plaintiff's Abstract of Judgment from Los

5 │ Angeles County Superior Court and eight cases filed by plaintiff in Kings County Superior Court.

6 │ See MTD, Request for Judicial Notice Exhibit (Ex.) B and Exs. 1 through 8, pursuant to Fed. R.

7 │ Evid. 201.  A court may take judicial notice of court records.  <u>See</u> <u>Barron v. Reich,</u> 13 F.3d 1370,

8 │ 1377 (9th Cir. 1994); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United</u>

9 │ <u>States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).  Pursuant to Fed. R. Evid. 201(b), the

10 │ existence and substance of each of the documents is "capable of accurate and ready determination

11 │ by resort to sources whose accuracy cannot reasonably be questioned."

12 │                   Judicially noticed facts are one of two well-settled exceptions to the
13 │                   rule that courts may not consider submissions extrinsic to the
  │                   complaint without properly converting the motion to a Rule 56
14 │                   motion for summary judgment.  See _Lee v. City of Los Angeles_, 250
  │                   F.3d 668, 688-89 (9th Cir.2001). In admitting the documents,
15 │                   however, courts must remain diligently within the contours of facts
  │                   properly taken on judicial notice, namely facts that are not "subject
16 │                   to reasonable dispute." Id. at 689 (citing Fed. R. of Evi. 201(b)).

17 │ <u>Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co., et al.</u>, 393 F.

18 │ Supp.2d 972, 978 (N.D. Cal. 2005); <u>Mullis v. United States Bank</u>, 828 F.2d 1385, 1388 (9th

19 │ Cir.1987)(court may consider facts subject to judicial notice on a 12(b)(6) motion to dismiss).

20 │                   Under FRCP 12(b)(6), the Court may consider matters that are
  │                   subject to judicial notice.  _Mullis v. United States Bankruptcy_, 828
21 │                   F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice
  │                   "of the records of state agencies and other undisputed matters of
22 │                   public record" without transforming the motions to dismiss into
  │                   motions for summary judgment.  _Disabled Rights Action Comm. v._
23 │                   _Las Vegas Events, Inc_., 375 F.3d 861, 866 (9th Cir.2004).  The
  │                   Court may also examine documents referred to in the complaint,
24 │                   although not attached thereto, without transforming the motion to
  │                   dismiss into a motion for summary judgment.  See _Knievel v. ESPN_,
25 │                   393 F.3d 1068, 1076 (9th Cir.2005).

26 │ <u>Headwaters Construction Company v. National City Mortgage Co.</u>, 720 F. Supp.2d 1182, (D.

1  Idaho 2010).

2           "When ruling on a Rule 12(b)(6) motion to dismiss, if a district
           court considers evidence outside the pleadings, it must normally
3          convert the 12(b)(6) motion into a Rule 56 motion for summary
           judgment, and must give the nonmoving party an opportunity to
4          respond." *United States v. Ritchie*, F.3d 903, 907 (9th Cir.2003)
           (citations omitted).  However, the court may consider certain
5          materials without converting the motion to dismiss into a motion for
           summary judgment. *Id.* at 908 (citing *Van Buskirk v. CNN*, 284
6          F.3d 977, 980 (9th Cir.2000); *Barron v. Reich*, 13 F.3d 1370, 1377
           (9th Cir.1994)). Such materials include documents attached to the
7          complaint, documents incorporated by reference in the complaint, or
           matters of judicial notice. *Id.*

8

9  Lloyd v. Powell, 2010 WL 2560652 *1 (W.D. Wash. 2010).

10          In opposition to the motion to dismiss plaintiff does not raise an objection to

11  defendants' judicial notice request.  Defendants' request for judicial notice of the court documents

12  is granted.  The Los Angeles County Superior Court's Abstract of Judgment shows that plaintiff

13  was convicted, in February of 2002, of murder, making terrorist threats, and several counts of

14  kidnapping.[2]  MTD, Ex. B.  Although an inmate sentenced to a life term with the possibility of

15  parole is entitled to statutory tolling, "[p]ersons serving a life sentence *without* possibility of

16  parole do not benefit from such tolling."  Beard v. Lucio, 2009 WL 393016 * 2 (C.D. Cal. 2009),

17  citing Cal. Civ. Proc. Code § 352.1 and  Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998)

18  [emphasis added].  Thus, under the applicable statute, defendants are correct that plaintiff is only

19  entitled to the two year limitation period permitted for personal injury actions in California.

20          *Claim Accrual*

21          The key to determining the timeliness of this claim is, of course, the date of claim

22  accrual.  Notwithstanding, the application of the forum's state law regarding the statute of

23

24          [2] Plaintiff's sentence is further clarified by reference to People v. Sims, 2003 WL
    22242983 *1 (Cal. App. 2nd Dist. 2003), unpublished opinion of plaintiff's (appellant's) appeal
25  of his conviction, which judgment was affirmed, stating that plaintiff was sentenced to a life term
    without possibility of parole plus 33 years to life to run concurrently with additional determinate
26  terms. The court takes judicial notice of this document sua sponte.

1   limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is

2   "federal law" which "governs when a claim accrues." <u>Fink v. Shedler</u>, 192 F.3d at 914, citing

3   <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-02 (9th Cir.1994); <u>Cabrera v. City of Huntington</u>

4   <u>Park</u>, 159 F.3d 374, 379 (9th Cir. 1998)("federal law governs when a cause of action accrues and

5   the statute of limitations begins to run in a § 1983 action.").  "A claim accrues when the plaintiff

6   knows, or should know, of the injury which is the basis of the cause of action." <u>Fink</u> , 192 F.3d at

7   914, citing <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996); <u>Johnson v. State of California</u>,

8   207 F.3d 650, 653 (9th Cir. 2000)(accord), overruled on other grounds, <u>Johnson v. California</u>, 543

9   U.S. 499, 125 S. Ct. 1141 (2005).

10            Defendants frame plaintiff's allegations as a claim of retaliation by defendant

11   Wholers for writing a false statement about him in retaliation for plaintiff's having written an

12   inmate appeal regarding Wholers; a claim that defendant Palubicki falsified a Rules Violation

13   Report in an attempt to cover of defendant Wholers' actions; and a claim that defendant Montanez

14   refused to mail plaintiff's legal mail and that defendants Montanez, Knipp and Palubicki refused

15   to allow him his legal property after repeated requests.  MTD, p. 3.   Defendants also characterize

16   plaintiff's claims as including an allegation that the actions of defendants Montanez, Knipp and

17   Palubicki resulted in the dismissal of plaintiff's lawsuit by Judge Vierra of Kings County Superior

18   Court. <u>Id.</u>  Defendant Wholer's avers that plaintiff's claim concerning defendant Wholers'

19   alleged false statements accrued at the time that he attended a hearing about the statements on

20   August 3, 2006.  MTD, p. 4, citing AC, Ex. B, pp. 40-41.  Defendant Pabulicki contends that

21   plaintiff's claims about a falsified hearing report accrued when he received the Rules Violation

22   Report containing those statements on August 15, 2006.  <u>Id.</u>  Defendants contend that should

23   plaintiff contend the retaliation claims against these defendants did not accrue until he was

24   released from Ad Seg and transferred from MCSP, then they accrued on Oct. 25, 2006.  MTD, p.

25   4, citing AC, Ex.A, p. 20.  As to his claim that defendant Montanez refused to send out his legal

26   mail and that defendants Pablucki, Knipp and Montanez failed to give him his legal property

1   resulting in a denial of his right to court access, then these claims accrued when the Kings County

2   Superior Court case was dismissed on July 19, 2006.  MTD, Exs. 1-8, showing that all eight of

3   plaintiff's Kings County Superior Court civil cases were dismissed on that date.  Defendants point

4   out that the court call appearance on August 16, 2006, which plaintiff notes in his amended

5   complaint, occurred after the dismissal of his civil cases and one of the cases includes a letter

6   discussing that appearance.  MTD, p. 4, citing Ex. 1 [p.4] and AC, p. 3.  According to defendants,

7   plaintiff filed this lawsuit on August 25, 2009.  MTD, p. 5.  However, while it is apparent that

8   defendants are making an effort to afford plaintiff the benefit of the mailbox rule,[3] plaintiff does

9   not provide a date indicating when he presented his complaint to prison officials for mailing or

10  otherwise mailed it.  Thus, plaintiff's filing of his original complaint must be found to have

11  occurred on the court-stamped filing date of September 2, 2009.  In either case, the filing would

12  be beyond the two-year statute of limitations for even the latest of these claims, that is, more than

13  two years from his Oct. 25, 2006 transfer as defendants have framed it, which would make the

14  complaint due by no later than October 24, 2008, rendering untimely by nearly a year.  MTD, p. 5.

15          However, noting that a prisoner cannot proceed to federal court while exhausting

16  his administrative remedies, the Ninth Circuit has determined that the statute of limitations "must

17  be tolled while a prisoner completes the mandatory exhaustion process" as required pursuant to 42

18  U.S.C. § 1997e(a).  Brown v. Valoff, 422 F3d 926, 942, 943 (9th Cir. 2005), citing McKinney v.

19  Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).[4]  While defendants acknowledge this equitable

20

21          [3] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se
    prisoner filing is dated from the date prisoner delivers it to prison authorities).  Stillman v.
22  Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th
    Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se*
23  prisoners").

24          [4] There is no additional equitable tolling for the time his claim was pending under the
    California Tort Claims Act because such a claim is not part of the prison administrative
25  procedure.  Manriquez v. Castro, 305 Fed. Appx. 471, 472 (unpub.) (9th Cir. 2008), citing Brown
    v. Valoff, supra, at 943; but see Allen v. White, 246 Fed. Appx. 447, 448 (unpub.) (9th Cir.
26  2007)(finding that dismissal of prisoner § 1983 action on statute of limitations grounds because
    claim accrued at the time he initially learned of the injury giving rise to his denial of court access

1    tolling rule, they contend that none of plaintiff's exhibits appended to his amended complaint

2    show that he processed his appeals through the requisite three formal levels of review.[5]  MTD, p.

3    6.  Defendants contend that plaintiff has stated in his amended complaint that all of his appeals are

4    included in Ex. A to his amended complaint.  MTD, p. 6, citing AC, p. 3.[6]

5            Plaintiff states that his case concerns "the legal file and personal property taken,

6    plus the misconduct and the retaliation for filing the 602's on Anne Wohlers."  Opposition (Opp.),

7    p. 1.  Plaintiff contends that he wrote his first 602 appeal regarding his "lost or confiscated legal

8    file and personal property" on October 26, 2006, a day after arriving at Salinas Valley State Prison

9    (SVSP) on Oct. 25, 2006.[7]  Id.   He maintains he was unaware before his transfer to SVSP that his

10   legal file had been "stolen or confiscated by prison officials."  Id., at 2.  He claims that he has

11   been following the 602 appeal process up to the point he filed this case.  Id., at 1-2.   Initially in

12   his opposition, plaintiff appears to have abandoned any claim, therefore, that he was denied his

13   right of access to the courts arising from the dismissal of any lawsuit because of any misconduct

14   by defendants, notwithstanding that he spends a good portion of his amended complaint

15   complaining of the defendants' activities in that regard.

16           In his amended complaint, plaintiff says he filed his first 602 appeal on October 26,

17   2006 to the Salinas Valley State Prison (SVSP) Appeals Coordinator regarding his allegedly lost

18

19           claim even though, on objections--for the first time--plaintiff argued that he was entitled to
20           tolling from 2000 to 2004 because he was allegedly trying to exhaust administrative remedies).

21           [5] In order for California prisoners to exhaust administrative remedies, they must proceed
22           through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602
             inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level
             appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F.
23           Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. xv, § 3084.5).  A final decision
             from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

24           [6] Plaintiff actually appears to have noted at p. 7 of his amended complaint, not p. 3, his
25           efforts at administrative exhaustion.

26           [7] Defendants erroneously identify Pleasant Valley State Prison as the facility to which
             plaintiff transferred from MCSP on Oct. 25, 2006.  MTD, p. 4.

1  legal property, who told him he should file it at Mule Creek State Prison.  AC, pp. 8,10, 26.

2  Plaintiff received that appeal back on December 12, 2006.  Id.  Plaintiff sent his first 602 appeal to

3  MCSP on November 16, 2006, regarding the lost property, which was never answered.  Id.

4  Plaintiff's second 602 appeal to MCSP, sent on January 22, 2007, about his missing legal

5  property, was returned on May 18, 2007.  Id., & 21.  Plaintiff sent that appeal to the second level

6  on May 21, 2007; on June 15, 2007, plaintiff received a screen out form from the third level.[8]  Id.,

7  at 8 & 21-23.  Plaintiff's claim to the California Victim Compensation and Government Claims

8  Board was sent on March 8, 2007,[9] and the response sent on May 29, 2007, indicated that his late

9  claim would be denied at a Board meeting on June 21, 2007, after which he would have to

10 petition the court by six months from the denial for relief from the requirements of Cal. Govt.

11 Code § 945.4 [which requires presentation of a timely claim against a public entity to that public

12 entity and a board decision before a party can sue in court on a money damages claim against the

13 entity].  Id., & 24-27.  Plaintiff's claim to this Board, however, as previously noted, would not toll

14 the statute of limitations.

15         As noted, plaintiff maintains that he suffered retaliation by the defendants for

16 having filed inmate appeals as to defendant Wholers.  "All defendants had a problem with

17 plaintiff writ[]ing 602 appeal forms for staff misconduct and plaintiff['s] case is about the

18 retaliation used by these defendant and the legal file, envelopes, postal stamps, ink pens, Bible,

19 phone book, e[tc.]. . . that was taken while [plaintiff was] housed in Ad-Seg and plaintiff found

20 out these items were missing once he camed to Salinas Valley State Prison while plaintiff was in

21 the R&R (Receiving and Release building)."  Opp., p. 3.  Although plaintiff argues that he began

22 the appeal process with regard to his missing property when he knew it was missing, he appears to

23

24         [8] It is unclear how the second level appeal was transmuted to a third level appeal without
25 a second level appeal response.

26         [9] Although he says he mailed the form in early March of 2007, plaintiff also claims his
   Board claim was held at the prison until April.  AC, pp. 10-11.

1  be seeking to backdoor his claims regarding all the defendants, none of whom were located at

2  SVSP, because he alleges that he filed 602 grievances "on just about everybody involved in this

3  case and most of the 602's were not answered." Id.   Thus, he backpedals to contend that he is

4  entitled to equitable tolling because of the "awful" treatment of inmates and the "hostile

5  environment" of his confinement. Id., at 3-4.  He claims that he was unable to file 602 appeals at

6  Mule Creek State Prison successfully while confined to Ad Seg and that "most of them were

7  never returned." Id., at 5.  While at SVSP, most were also never returned, according to plaintiff,

8  and that one took several months to process. Id.

9           Attached to his amended complaint, plaintiff does, despite his contention that he

10 did not file an inmate appeal until he got to SVSP about property he did not know was missing,

11 append a 602 appeal dated September 6, 2006, concerning claims of being mistreated by

12 defendant Wholers and about defendant Wholers and defendant Dr. Andrews having filed a

13 "bogus rule violation report on 7-12-06," concerning "'threatening a non peace officer,'" which

14 was dismissed. AC, p. 16.  He complained of defendant Palubicki's having misquoted him at the

15 115 RVR hearing. Id., at 18.  In the portion of the appeal directed to the third level, apparently

16 signed on 12-27-06 (after his transfer), plaintiff complained that defendant Wholers changed his

17 T.A.B.E. test answer sheet and said she would take plaintiff's personal property. Id., at 17.

18 Defendants contend there is no evidence that plaintiff submitted this appeal to the third level or

19 that it was responded to.  MTD, p. 6.  Defendants further contend that the screen out response he

20 claims to have received on June 15, 2007, is the furthest he appeared to have gotten in the appeal

21 process and if a rejection were deemed an exhaustion of the administrative remedies, the

22 complaint would have been due by no later than June 14, 2009, which would still render the

23 complaint untimely by more than two months.  MTD, pp. 6-7.  Defendant's contention is correct

24 in this context.  Plaintiff does not present a sufficient basis for having failed to file the instant

25 action within two years of having his appeal to the third level screened out.

26 ////

1          Accordingly, IT IS HEREBY ORDERED that defendants' December 16, 2010

2   (Docket #30), motion to dismiss this action as barred by the statute of limitations is granted and

3   this case is dismissed.

4   DATED: August 11, 2011

5                                        /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE
6
    GGH:009
7   will0423.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26